**CLAFFEY, et al.**

v.

**RIVER OAKS HYUNDAI, INC., et al.**

No. 06 C 310.

United States District Court, N.D. Illinois.

July 10, 2007.

---

Daniel A. Edelman, Cathleen M. Combs, James O. Latturner, Thomas Everett Soule, Edelman, Combs, Latturner & Goodwin, LLC, Chicago, IL, for Claffey.

Brian Patrick O'Meara, Kristin Henrichs Sculli, Linda Beth Dubnow, Erin Kelly McAllister, McGuirewoods LLP, Curtis Charles Warner, Warner Law Firm, LLC, John P. Palumbo, Langhenry, Gillen & Lundquist, Meghan E. Norton, Philip F. Ackerman, Robert M. Andalman, Sonnenschein, Nath & Rosenthal, LLP, Chicago, IL, for River Oaks Hyundai, Inc., Capital One Auto Finance, Inc. and Service List.

## STATEMENT

KENNELLY, District Judge.

In an order dated 5/9/07, the Court addressed plaintiffs' motion seeking a determination that defendant Capital One Auto Finance, Inc. had waived its attorney client privilege. The issue involves the parties' dispute over whether COAF "willfully" vio-

lated the Fair Credit Reporting Act, 15 U.S.C. § 1681b. Plaintiffs contend that COAF has waived its attorney-client privilege by asserting that it did not willfully violate the statute, or by offering certain evidence to support that assertion, or both, or that, in the alternative, COAF should be precluded from denying the claim of willfulness or should be barred from relying on certain evidence.

■ The Court ruled on 5/9/07 that COAF had not waived the privilege by simply denying the claim of willfulness. The Court noted, however, that it appeared from COAF's submission that it was relying on evidence reflecting that its standard processes included consultation with legal counsel. The Court stated in the order that if COAF offered such evidence, it could not maintain its attorney-client privilege. The Court's rationale was that COAF's submission of such evidence likely would lead a fact finder to infer that COAF had actually consulted with legal counsel with regard to the policies or practices at issue in this case and that counsel had given the okay. Allowing COAF to introduce such evidence and still maintain its attorney-client privilege would enable it to use the privilege as both a shield and a sword, which is not permitted. In this regard, the Court respectfully disagrees with *Williams v. Sprint / United Management Co.*, 464 F.Supp.2d 1100, 1107 (D.Kan.2006), which appears to allow a party to introduce evidence that similarly would give rise to an inference that a party consulted with legal counsel regarding a challenged practice and still maintain its attorney-client privilege. As this Court stated in its 5/9/07 order, COAF " 'cannot have it both ways; [it] cannot seek refuge in consultation with counsel as evidence of [its] good faith yet prevent [plaintiffs] from discovering the contents of the communication.' " 5/9/07 Order at 2 (quoting *Dorr–Oliver, Inc. v. Fluid–Quip, Inc.*, 834 F.Supp. 1008, 1012 (N.D.Ill.1993)).

Based on the parties' initial submissions, it was unclear to the Court exactly what evidence COAF intended to offer to support its denial of willfulness and its contention that it maintained reasonable procedures to ensure compliance with the FCRA. The Court therefore directed COAF to submit a proffer identifying with specificity the evidence it would offer in this regard. COAF has submitted a proffer, and the parties have filed further briefs addressing how the Court should rule on plaintiffs' motion.

■ The Court must first deal with a threshold issue raised by COAF. Recently, in *Safeco Ins. Co. of America v. Burr*, —— U.S. ——, 127 S.Ct. 2201, 167 L.Ed.2d 1045 (2007), the Supreme Court addressed the standard for proving willfulness under the FCRA. Specifically, the Court held that "reckless disregard" of the FCRA's requirements constitutes willfulness and that recklessness is decided via an objective standard, under which a person acts in reckless disregard of the FCRA's requirements if it violated the statute's terms *and* "ran a risk of violating the law substantially greater than the risk associated with a reading that was merely careless." *Id.* at 2215. COAF argues that the Supreme Court's adoption of an objective standard for reckless disregard takes intent out of the picture and makes irrelevant any inquiry into the subjective opinions of COAF personnel. *See* COAF Reply at 4. This argument is utterly without merit. First of all, the defendant in the *Safeco* case agreed, and the Court assumed, that under FCRA, a "knowing" violation of the law constitutes willfulness. *See id.* at 2208. In other words, reckless disregard is not the sole means of proving willfulness. Second, the "objective" standard for recklessness that the Court adopted does not render irrelevant evidence of the party's actual understanding of the law. Indeed,

the Court said that it was adopting the common law definition of recklessness, which it described as "action entailing 'an unjustifiably high risk of harm that is either known or so obvious that it should be known.'" *Id.* at 2215 (quoting *Farmer v. Brennan*, 511 U.S. 825, 836, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994)). Evidence of a party's actions and intentions is unquestionably relevant in determining whether that standard is met in a particular case.

■ For their part, plaintiffs object that COAF has redacted material from certain of the documents and deposition excerpts it tendered as part of its proffer of evidence, making that evidence inadmissible because it is incomplete and misleading. The Court does not agree that the redactions make COAF's evidence inadmissible. It appears that COAF has redacted from documents language that would indicate that its processes included review by legal counsel and has redacted like excerpts language from deposition testimony. Contrary to plaintiffs' suggestion, it is not unheard of for a party to submit redacted documents or deposition testimony (COAF has provided some examples in its reply). In the Court's view, the incompleteness of a particular document does not render it unauthentic or otherwise inadmissible. If and when this evidence is actually offered at a trial or other proceeding, plaintiffs will have the option of asking the Court to require introduction of the redacted material under Federal Rule of Evidence 106. That, however, is an issue for another day. The Court also leaves for later the question of how, if at all, the fact that material has been redacted should be explained to the jury.

■ Based on its proffer, COAF had committed that it will not offer evidence of consultation with legal counsel regarding the practices at issue in this case or evidence reflecting that its ordinary processes included consultation with legal counsel. As a result, consistent with the Court's 5/9/07 ruling regarding what it takes to cause a waiver of the attorney-client privilege, the Court concludes that COAF has not waived the privilege and therefore denies plaintiffs' motion seeking a finding of waiver. Plaintiffs' alternative request for an order barring evidence has effectively been rendered moot by later developments—specifically, COAF's particularization of the evidence upon which it will rely and the Court's consideration of that evidence in this order—and is therefore denied as moot.

Plaintiffs also argue that the jury should be instructed at trial that COAF did not obtain, and/or is not relying upon, advice of legal counsel. Determination of how the jury should be instructed is premature in the Court's view. On a related note, at some point prior to the start of trial, the Court likely will have to address the question of what arguments the parties can and cannot make in support of their respective contentions on the willfulness issue, but that likewise is an issue for another day.